# Joanne Meyer v. Regan Meyer

[528 A.2d 749]

No. 84-407

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.***

Opinion Filed April 17, 1987

---

* Justice Hayes sat at oral argument but did not participate in this decision.

*Robert M. Fairbanks* of *Gaston & Durrance*, Montpelier, for Plaintiff-Appellee.

*Cheney, Brock & Saudek, P.C.*, Montpelier, for Defendant-Appellant.

**Allen, C.J.** Plaintiff was granted a divorce from defendant and given custody of their three children. Defendant seeks a de novo determination of custody issues under the Uniform Child Custody Jurisdiction Act (UCCJA), 15 V.S.A. §§ 1031-1051, and challenges the personal and subject matter jurisdiction of the superior court. We affirm.

In May, 1981, the parties separated. The couple's three children resided with plaintiff in Plainfield, Vermont. In July, 1983, defendant took the children from Vermont without informing plaintiff of their whereabouts. Defendant initially resided with the children at his mother's home in North Carolina, and thereafter moved to Providence, Rhode Island, where they resided from August, 1983 until May, 1984.

On August 23, 1983, plaintiff filed a complaint for divorce in Washington Superior Court, moved to proceed in forma pauperis, V.R.C.P. 80(l), and to serve process by publication, V.R.C.P. 4(g).

On November 16, 1983, plaintiff was awarded temporary custody of the three children following an ex parte hearing. On March 28, 1984, a hearing was held on the merits, and plaintiff was granted a divorce with the decree to become absolute on June 28, 1984. In April, 1984, plaintiff learned of the whereabouts of the children and obtained an ex parte custody order in Rhode Island based on the temporary order issued in Vermont. Plaintiff then returned to Vermont with the children.

Defendant, at a status conference held on May 24, 1984, objected to the Vermont court's personal and subject matter jurisdiction. The court determined it had jurisdiction to decide child custody issues pursuant to the UCCJA.[1] Defendant subsequently made two motions to reconsider, both of which were denied. At a final hearing held on August 2 and 3, 1984, a Final Order of Divorce, awarding custody to plaintiff with visitation rights to defendant, was entered.

---

[1] Specifically, the court based its jurisdiction on 15 V.S.A. §§ 1032(a)(1)(B), 1032(a)(2).

The defendant presents essentially two arguments. First, the defendant argues that Rhode Island was the "home state" under the UCCJA, 15 V.S.A. §§ 1031-1051, and that Vermont lacked subject matter jurisdiction over the divorce and all custody issues. Second, he argues that service upon him by publication was improper and that Vermont therefore lacked personal jurisdiction over him.

I.

The defendant argues that Vermont is not the "home state" under the UCCJA, 15 V.S.A. § 1031(5),[2] and had no subject matter jurisdiction to decide child custody issues. Defendant maintains that this lawsuit did not commence until he received actual notice of it in May, 1984, and that Rhode Island was the "home state" since the children had been living there for the preceding six months. Defendant argues that "home state" jurisdiction is the exclusive basis for jurisdiction, and if it is not, that preference for "home state" jurisdiction should be established. The superior court concluded that it had alternate bases for jurisdiction. It determined that Vermont was the "home state" of the three minor children within six months before commencement of the proceedings, 15 V.S.A. § 1032(a)(1)(B), and that it was in the "best interests" of the three children that the court take jurisdiction, 15 V.S.A. § 1032(a)(2)(A) and (B).

Based on the evidence, the trial court properly concluded that at least one parent had a significant connection with Vermont and that substantial evidence concerning the children's present or future care, protection, training and personal relationships existed in Vermont. 15 V.S.A. § 1032(a)(2)(A) and (B). The purpose of the UCCJA is to "assure that litigation concerning the custody of . . . child[ren] take[s] place ordinarily in the state with which the child[ren] and [their] family have the closest connection . . . [and to] deter . . . unilateral removals . . . ." 1979, No. 136 (Adj. Sess.), § 1(3) and (5). The UCCJA contemplated alternate grounds for subject matter jurisdiction. See 15 V.S.A. § 1032(a)(1), (a)(2), (a)(3), (a)(4). No preference for one over the other exists. The court properly invoked its jurisdiction. See

---

[2] "Home state" is defined as "the state in which the child[ren] immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months . . . ." 15 V.S.A. § 1031(5).

*Peloso* v. *Botkin*, 144 Vt. 461, 464, 479 A.2d 156, 158 (1984) (criteria supporting jurisdiction under the UCCJA must be present at the time of the initiation of the custody proceeding).

## II

Defendant argues that the trial court did not have personal jurisdiction in this matter because he failed to receive reasonable notice and opportunity to be heard. Defendant next argues that plaintiff's motion to serve by publication was improperly granted on August 29, 1983, because it was prior to the filing of plaintiff's complaint on September 2, 1983. Defendant further challenges service by publication, arguing that plaintiff's affidavit in support of her motion is defective and that the action was not properly commenced since service was not completed by plaintiff within 30 days after filing of the complaint. Defendant urges that plaintiff's service by publication was therefore void.

■ The UCCJA specifically provides that "reasonable notice and opportunity to be heard" be given before making a decree under the UCCJA, 15 V.S.A. § 1033, and further, that notice of the exercise of jurisdiction over a person outside the state be given pursuant to the Vermont Rules of Civil Procedure, 15 V.S.A. § 1034(a). V.R.C.P. 80(b) provides that service by publication is available in a divorce action pursuant to V.R.C.P. 4. Process in a divorce action may be served on an out-of-state defendant by publication. V.R.C.P. 4(e), (g). Defendant in the present case was given such notice. The plaintiff, as required by V.R.C.P. 4(g)(3), filed an affidavit indicating service by publication had been completed, and notice was published "at least 20 days before any hearing in [Vermont]." 15 V.S.A. § 1034(b).

Moreover, defendant's motion to reopen the March 28, 1984, hearing was granted. The court reviewed two motions to reconsider, and defendant was present at a full two-day hearing to determine custody. There is little question but that defendant had a reasonable opportunity to be heard and was properly before the court.

Defendant argues that the complaint was not filed until the motion to proceed in forma pauperis was granted on September 2, 1983 and that service by publication pursuant to V.R.C.P. 4(g)(1) could not be ordered until the complaint had been filed. The motion to proceed in forma pauperis was delivered with the com-

plaint on August 23, 1983. It was accompanied by an affidavit indicating that the plaintiff was an ANFC recipient. The court was thereupon required by V.R.C.P. 80(l)(2) to order the clerk to accept the complaint with the filing fee waived.

The complaint was filed August 23, 1983 for purposes of V.R.C.P. 4(g)(1). See *Mohler* v. *Miller*, 235 F.2d 153, 156 (6th Cir. 1956). In *Mohler*, the action was deemed commenced on the date the complaint was filed, where the complaint and petition to proceed in forma pauperis were filed within the statute of limitations, even though the petition to proceed in forma pauperis was granted after the statute had run. *Id.*

Defendant next alleges that plaintiff's affidavit in support of her motion to serve by publication is defective. V.R.C.P. 4(g) permits publication only when "service cannot with due diligence be made by any other prescribed method." V.R.C.P. 4(g)(1). Defendant argues that plaintiff's August, 1983 affidavit indicates that personal service could not be made, but is defective because it does not indicate that service by mail could not be made. Defendant states that he maintained a mailbox in Plainfield, Vermont through which plaintiff should have effected service, that plaintiff indicated knowledge of this mailbox in March, 1984 when establishing that defendant had minimum contacts in Vermont, and that plaintiff's earlier omission of such knowledge constitutes fraud.

■ Plaintiff's August, 1983 affidavit indicates that plaintiff believed defendant had left the jurisdiction to avoid service of process. His whereabouts were unknown at the time plaintiff moved to serve by publication pursuant to V.R.C.P. 4(g) and 80(b). The court was satisfied that due diligence had been made to obtain defendant's address and that service could not be made by means other than publication. In the court's Order for Service by Publication, plaintiff was directed to mail service to defendant's last known address in North Carolina. This instruction was complied with. The record gives no indication that plaintiff fraudulently withheld knowledge of defendant's Plainfield mailbox. The superior court had a reasonable evidentiary basis upon which to conclude that service could not be made by means other than publication and that due diligence to obtain defendant's address had been made by plaintiff. Its order will not be disturbed on appeal. *Emmons* v. *Emmons*, 141 Vt. 508, 511, 450 A.2d 1113, 1115 (1982). Defendant also contends that plaintiff's counsel failed to

file an affidavit with the court indicating that service by mail had been effected. The record indicates that such an affidavit was in fact timely filed.

Defendant's last argument with respect to service of process is that plaintiff failed to complete service within 30 days after commencing suit, and that the action was therefore not validly commenced. V.R.C.P. 4(g)(3) provides that the first publication of the summons must be made within 20 days after the order for service by publication is granted, and that service by publication is complete on the 21st day after the first publication. At the time of this action, V.R.C.P. 3 required that service upon the defendant be complete within 30 days after filing of the complaint.[3] Defendant argues that service by publication should have been completed within 30 days after plaintiff filed her complaint. Rule 4(g)(3) did not contemplate that such service be completed within the 30-day time limit set out in Rule 3. The service here was within the required time constraints in the rules.

The Final Order of the superior court granting a divorce, and care, custody and control of the couple's three children to plaintiff is affirmed.

*Affirmed.*

---

[3] V.R.C.P. 3 has since been amended. Service must now be completed within 60 days after filing of the complaint.