[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
This court, on December 8, 1992, granted an ex parte application for suspension of visitation ordered originally by the Windsor County Family Court in Vermont on November 25, 1991. The ex parte application was filed in this action after the filing of the Vermont judgment pursuant to 46b-70 et seq. of the General Statutes (Enforcement of Foreign Matrimonial Judgments Act). The court set a date of December 22, 1992 for further proceedings. On that date, the defendant in this action (the plaintiff in the Vermont action) moved to dismiss this proceeding for lack of subject matter jurisdiction.
A chronology of events is important. A decree of dissolution of the parties' marriage was entered on November 25, 1991 in the Windsor Family Court, State of Vermont. That decree included an order that legal and physical responsibility for the minor child Robert Andrews, born September 16, 1988, is with the CT Page 917 plaintiff in this action, the defendant in the Vermont action.
The parties were married on May 1, 1988 in Fairfield, Connecticut. Prior to and after the parties' marriage, the plaintiff lived in the State of Connecticut. Subsequent to the marriage, the parties moved to Vermont and Robert was born in Vermont.
In March, 1989, the plaintiff left the defendant and moved to Wilton, Connecticut to live with her mother. The Vermont action for dissolution was filed in April, 1989. In February, 1990, the parties attempted a reconciliation which lasted until September 16, 1990 when the plaintiff once again returned to Connecticut. She has continued to reside in Connecticut since that time.
Key to a decision on the issue of jurisdiction are the provisions of the Parental Kidnapping Prevention Act (PKPA),28 U.S.C.A. 1738A (1989), the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA) (15 V.S.A. 1031-1051 and Connecticut General Statutes 46b-90 — 114 (1991), the decision of the Vermont Supreme Court in the case of Shute v. Shute, 3 VT. L.W. 92 (Apr. 3, 1992) and the decision of the Connecticut Supreme Court in the case of Kioukis v. Kioukis, 185 Conn. 249,254-5 (1981).
Since the child has resided in the State of Connecticut for more than two years, it is clear that Connecticut is the home state of the child under the provisions of the PKPA U.S.C.A. 1738A(b)(4) and the UCCJA C.G.S. 46b-91(b)(5). This court has jurisdiction by virtue of the provisions of 46b-93 since this state is the home state of the child. Section 46b-96 of the General Statutes provides, however, that this state shall not exercise its jurisdiction under the UCCJA if, at the time of filing the petition or proceeding concerning the custody of the child, an action is pending in a court of another state exercising jurisdiction, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
So, also, the provisions of the PKPA 1738A(a) provide that the appropriate authorities of every state shall enforce, according to its terms, and shall not modify, except as provided in subsection (f) of that section, any child custody CT Page 918 determination made consistently with the provisions of this section by a court of another state. Subsection (f) provides that a court of a state may modify a determination of the custody of the same child made by a court of another state if it has jurisdiction to make such a custody determination and the court of the other state no longer has jurisdiction or it has declined to exercise such jurisdiction to modify such determination.
The court in Vermont has not declined to exercise jurisdiction, but has, indeed, indicated it shall exercise jurisdiction in its opinion and order dated November 17, 1992 (Teachout, J.) and by its further order of December 11, 1992 and advice to this court by telephone conference with the assistant clerk of this court on December 11, 1992 and subsequent letter of December 17, 1992 received by the undersigned on December 22, 1992.
As previously noted, involved in the decision in this case is the language of Kioukis that the general rule is that petitions to modify a custody award shall generally be addressed to the prior state. In this regard, while the child has lived in Connecticut for two years, it has been only one year since the court's final decision in the Vermont case and a motion for contempt of that order was filed in August of 1992.
As also previously noted, involved in the decision in this case is the Vermont case of Shute, cited by Judge Teachout in her opinion and order of November 17. It is interesting that Shute also involved the states of Vermont and Connecticut. The Vermont Superior Court found that Vermont was an inconvenient forum because Connecticut had been the child's home state and Connecticut had closer connections to the child than Vermont. On appeal, the Vermont Supreme Court affirmed the trial court's relinquishment of jurisdiction but on a different ground. It ruled that the PKPA preempted the Vermont UCCJA and a state would have continuing and exclusive jurisdiction to modify its previous order only if the court had jurisdiction to determine custody matters in its original proceeding. The Vermont court noted that in the Shute case Vermont was not the home state of the minor child at the time of the original proceeding. See Shute v. Shute, 3 Vt. L.W. at 94, 607 A.2d 890, 893 (1992).
It would appear that Vermont was the home state of the child at the time of the commencement of the case at bar. CT Page 919 Connecticut, however, was the home state at the time of the final decree. However, the determination of "home state" is made at the time of the commencement of original proceedings and not at the time of the final decree. PKPA, U.S.C.A. 1738A(c)(1) and (2)(A)(i). Vermont, therefore, has jurisdiction as ruled by Judge Teachout in her decision of November 17.
The defendant in this action has claimed that the plaintiff, in failing to abide by the Vermont court's orders for the defendant's parent/child contact, has engaged in reprehensible conduct so that this court should decline jurisdiction. See 46b-98 of the General Statutes.
This court took evidence on this issue. The court finds that the plaintiff believed that in denying parent/child contact for Robert with his father she was acting in the best interest of the child. The child, after his visit with his father in July, had become afraid of his father and was disruptive and very angry. Upon the recommendation of the child's physician, the plaintiff sought psychological counseling for Robert. The psychologist, Dr. Malone, testified at the proceedings on December 22, said she had seen Robert on five occasions, the last visit being September 3rd, and that by that time his behavior had improved significantly. Dr. Malone did not give specific instructions on allowing or disallowing Robert's visitation with his father.
The court finds that there was no reprehensible conduct.
This court and the Vermont court have conferred pursuant to the provisions of 46b-96 of the General Statutes. While this court had requested that Vermont defer to Connecticut, Judge Teachout did not wish to do so since Vermont had so recently entered its final decree and since the Vermont court had, through numerous court proceedings, become quite familiar with the parties and with the issues. While this court does have jurisdiction, this court shall defer to the state of Vermont since that court has chosen to exercise its jurisdiction. This court shall not exercise its jurisdiction.
The motion to dismiss on the motion for suspension of visitation is granted, this court deferring to the Superior Court for Windsor County, State of Vermont on the issues of the CT Page 920 "legal and physical responsibility" of Robert Andrews and "parent/child contact."
The ex parte order of December 8, 1992 suspending visitation issued by this court is vacated.
EDGAR W. BASSICK, III, JUDGE