[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Plaintiff wife (the "Plaintiff") commenced the above-captioned action, returnable to this court on October 13, 1998, wherein she seeks a dissolution of the parties' marriage CT Page 2297 and other relief including, without limitation, custody of the parties' minor child, equitable distribution of marital assets and alimony. The Defendant husband (the "Defendant") has moved to dismiss the complaint for lack of subject matter jurisdiction on the ground that the Plaintiff "has not and cannot reside continuously in the State of Connecticut for at least 12 months next preceding the date of the filing of the complaint or next date of the decree (sic)".
The underlying facts are largely undisputed. The Plaintiff's complaint alleges that the parties were married on January 20, 1996 in Florida. They separated in March of 1997 and the Plaintiff moved to Connecticut in June of 1997 to reside with her father (her mother resides in Florida). At the time she moved to Connecticut, the Plaintiff was pregnant with the parties' first and only child and she gave birth to that child (Briana) in Westerly, Rhode Island on September 17, 1997. In February of 1998, the Plaintiff, together with the minor child, returned to Florida where she attempted a reconciliation with the Defendant. She commenced residing with the Defendant in Orlando (where they had previously resided together) and, thereafter, moved with him to Fort Lauderdale. With the exception of a two-week period in mid-August, the Plaintiff continued to reside Florida until early September when she and the minor child returned to Connecticut. Although she characterizes her time in Florida as a "temporary absence" from the State of Connecticut, Plaintiff candidly acknowledges that her return to Florida in February of 1998 was for the purpose of attempting a reconciliation with the Defendant and, in view of that purpose, was for an undetermined duration.
Following the Plaintiff's return to Connecticut in September of 1998, the parties simultaneously commenced actions seeking a dissolution of their marriage. The defendant was the first to commence an action, in the State of Florida, with personal service having been made on the Plaintiff herein on September 16, 1998. The Plaintiff herein commenced this action by writ and summons, dated September 17, 1998, served, pursuant to order of notice, by certified mail sent on September 18, 1998 (and having been received by the Defendant, according to the return receipt, on September 22, 1998).
The Defendant is, and at all times relevant hereto has been, a resident of the State of Florida. He has never resided in or had any apparent contacts, significant or otherwise, with the State of Connecticut. The minor child, as previously indicated, CT Page 2298 was born in Westerly, Rhode Island in September and, for all or most of the four to five months following her birth, resided in the State of Connecticut. For the next six to seven months commencing in February of 1989, however, the minor child resided in the State of Florida. The minor child has been treated by pediatricians both in Florida and in Westerly, Rhode Island. She has extended family both in Florida and Connecticut. To the extent the parties have resided together as husband and wife, they have done so only in the State of Florida.
In his motion to dismiss, the Defendant claims that the Plaintiff does not meet the residency requirement of General Statutes § 46b-44 and therefore, this Court lacks subject matter jurisdiction over this action. The statute provides, in pertinent part, that:
 (a) A complaint for dissolution of marriage . . . may be filed at any time after either party has established residence in this state . . .
 (c) A decree dissolving a marriage may be entered if . . . one of the parties to the marriage has been a resident of this state for at least the twelve months next preceding the date of the filing of the complaint or next preceding the date of the decree. . . .
The Defendant's memorandum of law concludes that because neither the Plaintiff nor the Defendant had resided in this State for 12 months prior to the filing of the complaint commencing this action, this Court lacks subject matter jurisdiction. Defendant's analysis is obviously flawed, however, because it disregards that portion of the statute which provides for the Court's exercise of jurisdiction where one of the parties has been a resident of the state for a period of 12 months "next preceding the date of the decree . . . ."
Based on the evidence submitted, the Court finds that the Plaintiff, having returned from Florida in early September of 1998, was a resident of this State at the time she commenced this action. Although the Court may not presently have jurisdiction to grant a decree dissolving the marriage, the jurisdiction necessary to initially entertain the action and the jurisdiction ultimately required to dissolve the marriage are decidedly different. Babouder v. Abdennur, 41 Conn. Sup. 258 (1989). Having satisfied itself that the Plaintiff was a resident of this State CT Page 2299 at the time she commenced this action, the Court concludes that, as to the grounds alleged, it has jurisdiction over the action notwithstanding that a decree dissolving the marriage may not enter at the present time.
This conclusion, however, does not end the inquiry. The Court is under an obligation, whenever it becomes aware of facts which call into question the issue of subject matter jurisdiction, to address the issue immediately. Gurliaccr v. Mayer, 218 Conn. 531,545 (1991). This is so even when the parties fail to raise it.Park City Hospital v. Commission on Hospitals and Health Care,210 Conn. 697, 702 (1989). Such is the case before this Court. Upon the conclusion of argument regarding the grounds advanced by the Defendant (as discussed above) for the dismissal of the action, the Court directed that the parties brief the issue of subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act, General Statutes § 46b-90 et. seq. (the "UCCJA"), and the Parental Kidnaping Prevention Act,28 U.S.C. § 1738A (the "PKPA"). The UCCJA and the PKPA establish and define the Court's jurisdiction to make a custody determination (as that term is used in General Statutes § 46b-92(3)) regarding the minor child. The parties subsequently submitted memoranda of law dated October 21 and 26, 1998, respectively, regarding the issues raised by the Court.
The starting point in the Court's analysis of its jurisdiction to make a custody determination is the child's "home state." The UCCJA, as enacted in this State, provides in relevant part that:
A court of this state shall have jurisdiction to make a child custody determination . . . if: (1) This state. . is the home state of the child at the time of commencement of the proceeding, or . . . (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or (3) the child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or (4)(A) it appears that no other state would CT Page 2300 have jurisdiction under prerequisites substantially in accordance with subdivisions (2) or (3) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction.
General Statute § 46b-93(a).
The term "home state" means:
 the state in which the child immediately preceding the time involved[1] lived with his parents, a parent, or person acting as parent, for at least six consecutive months, and in the case of a child less than six months old, the state in which the child lived from birth with any of such persons. Periods of temporary absence of any of the named persons are counted as part of the six month or other period . . .
General Statutes § 46b-92(6).
It is undisputed that the child who is the subject of these proceedings resided in Connecticut following her birth on September 17, 1997 until February of 1998, a period of approximately five months. It is also undisputed that the child resided in Florida from February of 1998 until early September of 1998, a period of six to seven months, and then returned with the Plaintiff to Connecticut (where both the Plaintiff and minor child continue to reside). It would appear, under either party's view, that home state jurisdiction exists in Connecticut or Florida. From the Defendant's perspective, the child resided in Florida during the six month period preceding the commencement of this action, and therefore, he contends that Florida is the child's home state. The Plaintiff, on the other hand, contends that the child has been a resident of the State of Connecticut virtually since her birth (a period of one year prior to the commencement of the action) and that the time spent in Florida (from February to September of 1998) was a temporary absence (which, under the statute, Plaintiff contends should be counted toward the requisite six-month "home state" period).[2] Hence, the dispositive issue, for purposes of determining home state jurisdiction is whether the period spent by the Plaintiff and minor child in Florida from February to September constitutes a "temporary absence" from the State of Connecticut or, alternatively, a separate and independent residence in the State CT Page 2301 of Florida.
Before addressing that issue, the Court will first dispose of two other bases for jurisdiction referenced in the parties' respective memoranda. Both parties have addressed the Court's jurisdiction under General Statute § 46b-93(a)(2). This provision, often referred to as the "significant connection" test, purports to set forth an alternative basis on which a court can exercise jurisdiction to make a custody determination. The PKPA, however, which strongly resembles the UCCJA, provides, in relevant part, that:
 A child custody determination made by a court of a state is consistent with the provisions of this section only if
 (1) such court has jurisdiction under the laws of such state;
 (2) and one of the following conditions is met: (A) such State . . . is the home state of the child on the date of the commencement of the proceeding . . .; (B)(i) if it appears no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such state assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such state . . . and (II) there is available in such State substantial evidence concerning the child's present or future care, protection, training, and personal relationships . . .
28 U.S.C.A. 1738(A)(c). (Emphasis added.) Hence, in contrast to the UCCJA, the PKPA accords a priority to home state jurisdiction which, if established, precludes the exercise of jurisdiction on the basis of significant connections under § 46b-93(a)(2). This Court has previously held that the language of the PKPA reflects an intention on the part of Congress to preempt the field of interstate custody jurisdiction. Doucette v. Murray, (Judicial District of New London at New London, Docket No. 541490). See also Meade v. Meade, 812 F.2d 1473 (4th Cir. 1987);Rogers v. Rogers, 907 P.2d 469 (Alaska 1995); Barndt v. Barndt,580 A.2d 320 (Pa Super 1990); and Matter of Adoption of Child by T.W.C., 636 A.2d 1083 (N.J. Super 1994). Consequently, this Court has ruled that home state jurisdiction under General Statutes § 46b-93, if established, has priority over significant CT Page 2302 contacts jurisdiction as provided in § 46b-93(a)(2). Doucettev. Murray, supra. See also Shute v. Shute, 607 A.2d 890 (Vt. 1992); Wilcox v. Wilcox, 862 S.W.2d 533 (Tenn.App. 1993). Because the Court concludes that the child has a home state (either Florida or Connecticut, depending on which party's argument is accepted), it is unnecessary to determine, as between Connecticut and Florida, which state has significant connections with the minor child under § 46b-93(a)(2).
The Plaintiff, in her supplemental memorandum of law dated October 21, 1998, makes fleeting reference to this Court's power to exercise "emergency jurisdiction" under § 46b-93(a)(3). The Plaintiff failed to present sufficient evidence to support the Court's exercise of emergency jurisdiction. Accordingly, the Court declines her invitation to exercise custody jurisdiction on the basis of any purported emergency.
Hence, the dispositive issue remains whether the period during which the minor child lived in Florida is a "temporary absence" from this State or a separate and independent residence in the State of Florida It is not uncommon that brief absences for a specific purpose are considered to be "temporary" absences and, hence, included as part of the time during which the child is deemed to have resided in the state of origin, i.e., the state from which the child is absent. See Tufares v. Wright,644 P.2d 522 (N.M. 1982); In re Custody of Bhatti, 391 S.E.2d 201
(N.C.Ct.App. 1990). The fact that an absence is for a lengthy period of time, as here, does not preclude its characterization as a "temporary absence." In re Marriage of Richardson,625 N.E.2d 1122 (Ill.App. 3 Dist. 1993) (child's residence with non-custodial parent in Illinois for period limited to one year pursuant to parties' agreement deemed to be temporary absence from child's home state of California). A significant consideration would appear to be the intent which prompted the absence from the state of origin. In other words, when the child and parent or parents left the state of origin in the first instance, did they do so with the intention of remaining away for a defined period of time and then returning? A move with such an intent could well affect (i) the continued maintenance of strong contacts with the state of origin as well as (ii) the extent to which efforts are made to establish roots in and assimilate into the new community. In this Court's view, the issue of whether a move of long duration is temporary should be viewed from the perspective of the intention going into the move rather than retrospectively based upon subsequent events. CT Page 2303
In this case, the Plaintiff left this State in February of 1998 with the intention of attempting a reconciliation with the Defendant. She candidly testified that, at the time she went to Florida, she intended to stay indefinitely. It could be argued that Florida became her and the child's domicile at that time.Mills v. Mills, 119 Conn. 612 (1935) (domicile requires actual residence with the present intention of making one's home unless or until something which is uncertain or unexpected shall happen to induce him to adopt some other permanent home). It was certainly more than a "temporary" residence (which would appear to be the corollary to a "temporary absence" from this State). The Plaintiff, with the benefit of 20/20 hindsight, claims that the failure of the attempted reconciliation and her subsequent return to Connecticut qualify the time spent in Florida as a temporary absence from this State. What is the duration which the Plaintiff would require to render the time spent in Florida as something other than a temporary absence? Nine months? A year? Two years? This Court finds that, under circumstances such as those present here, the statute establishes a bright line for the establishment of home state jurisdiction. That bright line is six months and the minor child's residence in Florida for that period of time suffices to establish Florida as the child's home state for jurisdictional purposes.[3]
Even if this Court's were to accept the Plaintiff's claim that the time spent in Florida constituted a "temporary absence" for UCCJA purposes, it would nevertheless decline jurisdiction under § 46b-97 and defer to the jurisdiction of the Florida courts. It would do so for a number of reasons. Even if viewed as a "temporary absence", the time during which the minor child was in Florida prior to the commencement of this action exceeds the amount of time she resided in Connecticut following her birth. While there may be a few more medical records in this State than Florida, the child's contacts with Florida are really no less significant than her contacts with this State. Further, the parties, both prior and subsequent to the marriage, resided in Florida and, hence, it is that state where witnesses who know both parties are likely to be found. Similarly, the only state in which the parties and minor child were together is Florida and, hence, all of the evidence regarding the parties' respective parenting responsibilities as a couple is found in that state. Finally, the Defendant is a Florida resident who has never been in this State. Consequently, this Court lacks personal jurisdiction over him and cannot enter any orders as to the CT Page 2304 support of the child (or the Plaintiff if such an order were appropriate) or the parties' rights regarding their respective assets and liabilities. Jepson v. Jepson,22 Conn. L. Rptr. No., 5, 171 (August 3, 1998) (Tierney, J.) The foregoing considerations militate against this Court's assumption of custody jurisdiction if, indeed, it even has such jurisdiction in the first instance.
Having concluded that it lacks jurisdiction to determine the parties' respective rights to custody of and visitation with the minor child, and noting further the absence of personal jurisdiction over the Defendant, the only jurisdiction which this Court has, as previously discussed, is the jurisdiction necessary to enter a decree dissolving the marriage (and the Court's power to grant that relief won't exist until September when Plaintiff will have satisfied the residency requirement of § 46b-44(c) (1)). In the absence of jurisdiction to enter most of the relief sought by the Plaintiff, and without the present ability to grant the Plaintiff even the extremely limited relief as to which it does have jurisdiction, it is the Court's conclusion that the action should be, and hereby is, dismissed under the doctrine of forum non conveniens. Welch v. Welch, 22 Conn. L. Rptr. No. 3,112 (July 20, 1998) (Mihalakos, J.).
Solomon, J.