Andrew R. Bonneau *v.* Clark Russell.

(85 A2d 569)

November Term, 1951.

Present: Sherburne, C. J., Jeffords, Cleary, Adams and Blackmer, JJ.

Opinion Filed January 9, 1952.

*Joseph S. Wool* and *Frederick J. Fayette* for the defendant.

*George R. McKee* for the plaintiff.

BLACKMER, J. This action is in contract for breach of implied warranty of title. Trial was by jury, and resulted in a verdict and

judgment for the plaintiff. The case is here on the defendant's exceptions.

■ The plaintiff's claim was based on a chattel mortgage on a truck, which he said he was compelled to discharge to perfect his title. A principal issue was whether one Pratt, a minor, had disaffirmed the mortgage. The first point briefed by the defendant is that the trial court should have granted the defendant's motion for a directed verdict because, to quote the heading of this portion of the brief, "Disaffirmance by minor of contract renders it invalid *ab initio* and void as against defendant." The defendant's motion, both as made at the close of the plaintiff's case and at the close of the evidence was based on four grounds. The ground now presented was not among them. Since it was not a ground of exception as made below, it cannot be urged here for the first time. *Union Co-operative Store* v. *Fumagalli,* 107 Vt 145, 147-148, 175 A 847; *Higgins* v. *Metzger,* 101 Vt 285, 296, 143 A 394.

The second point made by the defendant in his brief is that the trial court should have directed a verdict in his favor because the chattel mortgage was not properly recorded. The argument is : V. S. 47, § 2713 requires a record "in the office of the clerk of the town in which the mortgagor (Pratt) at the time of making the same resides"; the chattel mortgage was recorded in the City of Burlington, where Pratt had a temporary abode; Pratt was domiciled in Colchester; hence the record was ineffective against both the plaintiff and the defendant as purchasers for value and without actual notice.

We agree with the defendant that the word "resides" as used in V. S. 47, § 2713 means "has a domicile." The evidence concerning domicile which confronted the trial court on the defendant's motion for a verdict, viewed in the light most favorable to the plaintiff, and excluding the effect of modifying evidence, had this tendency. Pratt was a minor, 19 years 4 months old in December 1947. He had been married and divorced. In 1947 he lived with his father at Colchester, but for how long or under what circumstances is not disclosed. Pratt senior was domiciled in Colchester. Toward the end of 1947 Pratt rented a three room apartment in Burlington, paid rent thereon and occupied it as living quarters with a woman supposed to be his wife. On December 3, 1947, when the chattel mortgage was given to a local bank, he told the bank's loan officer that he lived at that place. On December 4, 1947, he gave his address on the truck registration as the same place. The chattel mortgage was recorded in the Bur-

lington City Clerk's office on December 5, 1947. Thereafter Pratt returned to his father's in Colchester, having occupied the apartment for about two months.

On this evidence the defendant says that his motion for a directed verdict should have been granted because the domicile of minors can not be changed of their own volition. The defendant overlooks the effect of his marriage. Marriage emancipates a minor. *Craftsbury* v. *Greensboro,* 66 Vt 585, 591, 29 A 1024; *Sherburne* v. *Hartland,* 37 Vt 528; *Bradford* v. *Lunenburgh,* 5 Vt 481, 491. When emancipated he has the control of himself, is not subject to the restraint of his parents and may remove himself from the town of their residence. *Sherburne* v. *Hartland, supra.* An emancipated child can acquire a domicile of choice. Rest. Conflict of Laws, § 31.

So far as domicile involves questions of fact, including the ascertainment of the intention of the party, the question is to be determined by the verdict of the jury. *Fulham* v. *Howe,* 62 Vt 386, 396-397, 20 A 101; 28 CJS, Domicile, § 19. No certain or definite duration of residence is requisite to accomplish the acquisition of a new domicile. A change of residence even for a short time with the intention in good faith to change the domicile has that effect. A day or an hour will suffice. *Dailey* v. *Town of Ludlow,* 102 Vt 312, 317, 318, 147 A 771. The necessary intention to effect a change of domicile is, at least, an intention not to return to the old town; if the intention is to remain in the new town for an indefinite time as a fixed place of abode, a change of domicile is effected, although the mover entertains a nebulous or floating intention of returning to the old town at some future time. *Town of Georgia* v. *Town of Waterville,* 107 Vt 347, 352, 178 A 893, 99 ALR 453. No question is made of Pratt's physical presence in Burlington. The necessary intent may be proved by the acts as well as the words of the person involved. *Fulham* v. *Howe,* 62 Vt 386, 388-389, 396, 20 A 101. Contradictions and contrary inferences are for the jury to resolve; the tendency of the evidence and not its weight is to be considered when viewing the evidence in the light most favorable to one party. *Hill* v. *Stringer,* 116 Vt 296, 299, 75 A2d 657; *Tinney* v. *Crosby,* 112 Vt 95, 101, 22 A2d 145. Our judgment is that the element of intent was properly left to the jury on the evidence set forth above.

It may be, we are not sure, that the defendant intends some of his briefing under his points one and two to cover exceptions

which he took to the court's charge. The brief refers us to no specific exception to the charge on which he relies, so there is nothing presented for our determination. *Vermont Evaporator Co.* v. *Taft,* 108 Vt 209, 212, 184 A 704; *Re Everett's Will,* 105 Vt 291, 312, 166 A 827; *Whitman et ux* v. *Lowe,* 98 Vt 152, 159, 126 A 513.

The third, and last, point briefed by the defendant is the refusal of the court to charge as requested concerning Pratt's intent. The charge shows that the court intended and attempted to cover the subject matter of the request. No exception was taken to these instructions as given. In taking an exception to the failure to comply with the request, it was not indicated wherein the charge as given was claimed to have been inadequate with respect to the subject matter of the request. This is required by our practice. The request was simply read to the court. No available exception was reserved. *Long* v. *Leonard,* 113 Vt 258, 263, 32 A2d 679; *Johnson* v. *Moore,* 109 Vt 282, 287, 196 A 246; *Johnson* v. *Hardware Mutual Casualty Co.,* 109 Vt 481, 497, 1 A2d 817; *Porter* v. *Fleming,* 104 Vt 76, 81, 156 A 903; *Jeaness* v. *Simpson,* 84 Vt 127, 145, 78 A 886.

*Judgment affirmed.*