2010 VT 38

### Kathleen Conley v. Rino Crisafulli

[999 A.2d 677]

No. 09-368

Present: Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.

Opinion Filed May 14, 2010

*Patricia G. Benelli* of *Dakin & Benelli, P.C.*, Chester, for Plaintiff-Appellee.

*Richard J. Windish* and *Susan J. Manley* of *Hayes & Windish*, Woodstock, for Defendant-Appellant.

¶ 1. **Reiber, C.J.** Husband appeals the decision of the Bennington Family Court granting a divorce and denying his motion to dismiss wife's divorce action for lack of jurisdiction. Husband alleges that wife, who admits to moving to Vermont in order to get a divorce, does not possess the requisite intent to

abandon her New York domicile such that the Vermont trial court had jurisdiction over her divorce proceeding. We affirm.

■ ■ ¶ 2. Husband and wife resided as a married couple in New York. In 2007, wife filed for divorce in New York.[1] In 2008, wife moved to Bennington County, Vermont, where she rented an apartment. Wife continued to work in Albany, New York, however, commuting between her apartment and her office. Additionally, she continued to teach an exercise class in Albany twice a week, and on those nights she stayed at her mother's house in New York. Later that year, wife moved to have the New York divorce suit dismissed. Once the New York suit was dismissed, wife then filed for divorce in Vermont. Husband responded by filing a motion to dismiss for lack of jurisdiction,[2] claiming that wife moved to Vermont for the sole purpose of taking advantage of Vermont's divorce laws and that wife was therefore not a resident of Vermont for purposes of Vermont family court jurisdiction. After a hearing on the issue, the trial court denied husband's motion for dismissal based upon a finding that wife was a Vermont resident and that the trial court therefore had jurisdiction. Husband moved to take an interlocutory appeal, but the trial court denied the motion. After wife had resided in Vermont for a year, the trial

---

[1] Causes of action for divorce in New York are fault-based. In Vermont, divorce is available without a finding of fault. See 15 V.S.A. § 551(7) (stating that divorce may be granted "[w]hen a married person has lived apart from his or her spouse for six consecutive months and the court finds that the resumption of marital relations is not reasonably probable").

[2] Husband's motion alleged a lack of subject matter jurisdiction and a lack of personal jurisdiction, as well as improper venue. Wife initially filed for divorce in Washington County, Vermont. Wife believed it to be the appropriate forum based on her participation in Vermont's "Safe at Home" program, which provides program participants with, among other protections, a substitute Montpelier (Washington County) Post Office box address in order to maintain the confidentiality of their actual addresses. See 15 V.S.A. §§ 1150-1160. The parties agreed to a venue transfer to Bennington County, where wife actually resides. Because we affirm the decision of the trial court denying the motion to dismiss for lack of subject matter jurisdiction, finding that wife is domiciled in Vermont, we also hold that the trial court had personal jurisdiction to grant the divorce. See *Poston v Poston*, 160 Vt. 1, 5, 624 A.2d 853, 855 (1993) ("Each state, by virtue of its command over its domiciliaries and its large interest in the institution of marriage, can alter within its own borders the marriage status of the spouse domiciled there, even though the other spouse is absent." (quotation omitted)).

court entered a final order of divorce.[3] Husband now appeals the divorce and argues that the trial court erred in denying his motion to dismiss for lack of jurisdiction. According to husband, wife does not have the requisite intent to give up her New York domicile.

¶ 3. Husband's sole argument on appeal is that the trial court should have granted his motion to dismiss for lack of jurisdiction. We review a trial court's denial of a motion to dismiss for lack of subject matter jurisdiction "de novo, with all uncontroverted factual allegations of the complaint accepted as true and construed in the light most favorable to the nonmoving party." *Town of Bridgewater v. Dep't of Taxes*, 173 Vt. 509, 510, 787 A.2d 1234, 1236 (2001) (mem.) (quotation omitted); see generally V.R.C.P. 12(b)(1). A court may consider evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction, and we review these factual findings for clear error. See *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (discussing standard of review for motions to dismiss for lack of subject matter jurisdiction under F.R.C.P. 12(b)(1)).

¶ 4. In Vermont, domicile is a question of fact. *Duval v. Duval*, 149 Vt. 506, 510, 546 A.2d 1357, 1360 (1988), *overruled on other grounds by Shute v. Shute*, 158 Vt. 242, 607 A.2d 890 (1992).[4] Findings of fact will not be set aside on appeal unless they are clearly erroneous. *Id.* Deference is given to the trial court due to the "unique position of the trial court to assess the credibility of the witnesses and the weight of all the evidence presented." *Bonanno v. Bonanno*, 148 Vt. 248, 250-51, 531 A.2d 602, 603 (1987).

---

[3] The trial court granted the divorce based on its finding that wife and husband had lived apart for six consecutive months and that the resumption of marital relations was not reasonably probable.

[4] *Shute* recognized that the alternate ground provisions of the Vermont Uniform Child Custody Jurisdiction Act (UCCJA) conflicted with the home state preference of the federal Parental Kidnapping Prevention Act (PKPA) when the child has a home state other than Vermont. 158 Vt. at 247, 607 A.2d at 893. The *Shute* Court held that the PKPA preempted the UCCJA provisions that conflicted with the PKPA such that the best interest of the child was no longer controlling in a custody case if the child had a home state. *Id. Shute* therefore overruled *Duval* to the extent that *Duval* "expressed no clear preference for home state jurisdiction when Vermont is not the child's home state." *Id.* at 248, 607 A.2d at 894. The language in *Duval* concerning determinations of domicile, however, is still good law.

¶ 5. Vermont family court jurisdiction can be invoked after six months of residency:

> A complaint for divorce or annulment of marriage may be brought if either party to the marriage has resided within the state for a period of six months or more, but a divorce shall not be decreed for any cause, unless the plaintiff or the defendant has resided in the state one year next preceding the date of final hearing. Temporary absence from the state because of . . . employment without the state . . . or other legitimate and bona fide cause, shall not affect the six months' period or the one year period specified in the preceding sentence, provided the person has otherwise retained residence in this state.

15 V.S.A. § 592. However, "[r]esidency, for purposes of divorce jurisdiction, is more than mere presence within the state." *Duval*, 149 Vt. at 509, 546 A.2d at 1360. In the context of a divorce proceeding, the concept of residency "is encompassed within the legal definition of domicile." *Id.*

¶ 6. As the trial court noted, domicile is an "abode *animo manendi*, a place where a person lives or has his home, to which, when absent, he intends to return and from which he has no present purpose to depart." *Tower v. Tower*, 120 Vt. 213, 221, 138 A.2d 602, 607 (1958). To change domicile, "there must be a relocation to the new residence and continued dwelling there, coupled with an intention of remaining there indefinitely; neither physical presence alone nor intention alone is sufficient to effectuate a change of domicile." *Duval*, 149 Vt. at 509, 546 A.2d at 1360 (citing *Walker v. Walker*, 124 Vt. 172, 174, 200 A.2d 267, 269 (1964)). This Court has further clarified that "[a]n essential ingredient of the intent to acquire a new domicile is the intent to give up the old domicile." *Walker*, 124 Vt. at 174, 200 A.2d at 269.

¶ 7. Husband alleges that wife lacks the "essential ingredient" of intent — the intent to give up her old domicile — and that her actions to acquire a new domicile are a sham. Wife asserts that her words and actions show that she has in fact abandoned her New York domicile in favor of becoming a domiciliary of Vermont.

¶ 8. As we have noted, "the troublesome aspect of domicile is that it deals not only with acts, but with states of mind." *Duval*, 149 Vt. at 509, 546 A.2d at 1360 (quotations omitted). In previous

cases dealing with the issue of domicile, this Court has stated that intent may be proven "by the acts as well as the words of the person involved." *Bonneau v. Russell*, 117 Vt. 134, 137, 85 A.2d 569, 571 (1952).

¶ 9. In the context of determining domicile for personal jurisdiction, Vermont courts have found certain facts determinative, including the state where the individual has his or her driver's license, registration, property, and job. See, e.g., *Godino v. Cleanthes*, 163 Vt. 237, 240, 656 A.2d 991, 993 (1995) (holding that "[d]efendant's retention of the home, license, and registration evidence the . . . intent to keep the [Vermont] domicile" despite her residing in Florida for a year and a half before the lawsuit and seeking state services, leasing an apartment, and holding a full-time job in Florida); *Duval*, 149 Vt. at 510-11, 546 A.2d at 1360-61 (describing similar factors that would help to determine domicile in child custody cases).

¶ 10. Importantly, this Court has stated that motive in moving to take advantage of more favorable divorce laws does not "frustrate[] the attempt to alter domicile." *Walker*, 124 Vt. at 175, 200 A.2d at 270. The reason for a change in domicile does not matter as long as the intent to establish the new domicile is valid. *Id.* Motive, however, may "bear on the question of the validity of the intention to unconditionally assume the new domicile." *Id.*

¶ 11. In this case, the trial court found that wife gave up her New York domicile and intends to remain in Vermont indefinitely. In reaching this conclusion, the trial court relied on its findings that wife has lived in Vermont since June 2008, has a Vermont operator's license, voted in Vermont in 2008 and 2009, paid Vermont taxes, and currently leases a residence in Vermont which she intends to renew. Additionally, the trial court determined that wife's testimony supported an intent to remain in Vermont. The record reveals that, on at least two occasions during the hearing below, wife stated that she has "no current plans to move out of Vermont" and has no plans to move following the divorce. Thus, although the trial court recognized that wife "openly acknowledges that her sole reason for coming to Vermont was to take advantage of Vermont's no-fault divorce law," that wife has family and a job in New York, and that wife spends two nights per week at her mother's home in Albany after teaching exercise classes, the trial court still came to the conclusion that wife intends to remain in

Vermont. In the final order of divorce, the trial court found again, based on evidence provided during the divorce hearing, that wife was a Vermont resident.

¶ 12. We find no clear error in the trial court's findings. The factors the trial court used to make its findings were similar to those used in previous cases involving divorce, child custody, and personal jurisdiction. Based on the evidence provided, it was not clear error for the trial court to find that wife "does intend to give up her New York domicile and to remain in Vermont indefinitely."

¶ 13. Husband argues that upholding the trial court's ruling would be tantamount to condoning or even encouraging forum shopping. Wife has every right, however, to move to another state because she prefers its laws. If wife qualifies as a resident according to Vermont law, as we find that she does, wife deserves the benefits of being a resident — including invoking the juris-diction of Vermont's courts.

¶ 14. In summary, the trial court found that wife intended to become a domiciliary of Vermont and to abandon her New York domicile, and we find no clear error in this finding. We therefore defer to the trial court's judgment and affirm the divorce order and the ruling denying husband's motion to dismiss for lack of subject matter jurisdiction.

*Affirmed.*