*Gilbeau v. Vermont Department of Corrections et al.*, No. 22-1-16 Wncv (Tomasi, J., June 15, 2016).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 22-1-16 Wncv |

| | |
|---|---|
| Louis Ray Gilbeau,<br>　　　Plaintiff<br><br>　　　v.<br><br>VT DOC,<br>Centurion Medical Services,<br>　　　Defendants | |

Opinion and Order on Defendants' Motion to Strike and to Dismiss

Plaintiff Louis Ray Gilbeau, Jr., brings this action to obtain a tomato-free diet from the Department of Corrections and Centurion Medical Services (collectively, the "Department"). The Department has moved to strike Plaintiff's Amended Petition and to dismiss based on lack of jurisdiction due to Plaintiff's failure to exhaust his administrative remedies. *See* Vt. R. Civ. P. 12(b)(1). The Court makes the following determinations.

1.　　The Motion to Strike

Citing Vt. R. Civ. P. 15, Defendant asserts that Plaintiff could not amend his Petition because the Department had filed a motion to dismiss. Such a motion, however, is not a "responsive pleading" that would preclude a plaintiff from amending a complaint. *Cf. Wool v. Pallito*, No. 2015-186, 2015 WL 5793088, at *2 (Vt. Sept. 30, 2015) (three-Justice opinion).

But, Plaintiff here has proceeded under Vt. R. Civ. P. 75, which does not normally require a responsive pleading. Rule 15 provides that where a responsive pleading is "not permitted," the party may freely amend only within twenty days of

the filing of the document.  Since Rule 75, arguably, *permits* responsive pleadings, it is not clear to the Court whether that provision applies.

In any event, if Court approval is needed, it is granted.  The sum and substance of the change to the Petition is that Plaintiff formerly argued and submitted briefing contending that he requires a tomato-free diet due to an allergy. The Amended Petition asserts he requires the diet due to a condition called GERD (Gastroesophageal Reflux Disease).  Since Defendant alleges that the Amended Petition is subject to dismissal on the same grounds as the original, the Court sees no sound basis for denying the amendment.

2.    The Motion to Dismiss

The Court reviews a  motion to dismiss for lack of subject matter jurisdiction under Vt. R. Civ. P. 12(b)(1) "with all uncontroverted factual allegations of the complaint accepted as true and construed in the light most favorable to the nonmoving party." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511 (1997). When administrative remedies are established by statute or regulation, as is so often the case in the context of prisoner litigation, the long-standing rule is that a party must pursue or "exhaust" all such remedies before turning to the courts for relief.  *See id.*  Failure to exhaust administrative remedies permits a court to dismiss an action for lack of subject matter jurisdiction.  *Id.*  This allows administrative agencies to exercise their jurisdiction without judicial interference until a final determination has been made.  *Id.*; *accord Gundlah v. Pallito*, No. 2010-121, 2010 WL 7789283, at *1 (Vt. Dec. 8, 2010) (requiring exhaustion of inmate's request for kosher meals) (three-Justice opinion); *Martin v. Hofmann*, No.

2

2007-181, 2008 WL 2815593, at *2 (Vt. Feb. 2008) (inmate's claim for reimbursement required exhaustion) (three-Justice opinion).

The Department's position is that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies. In support of its argument, the Department attached the Affidavit of David Turner. Unlike an analysis under Rule 12(b)(6), when considering a motion to dismiss for lack of subject matter jurisdiction, the Court may consider exhibits outside the complaint. *See Conley v. Crisafulli*, 2010 VT 38, ¶ 3, 188 Vt. 11, 14. For this reason, the Department's unrebutted evidentiary production will be considered by the Court in evaluating its defense of lack of subject matter jurisdiction.

Department Directive 320.01 sets out the procedure for inmates to challenge the conditions of their confinement. *See* Aff. of David Turner. The procedure requires inmates to take various levels of appeal until reaching the Commissioner. *Id*. The Commissioner serves as the final arbiter of all inmate grievances. Directive 320.01 § 10(b)(i). If an inmate does not follow this procedure, he has not exhausted his administrative remedies, and the Court has no subject matter jurisdiction over the claim. *See* Directive 320.01 § 15(b)(iii) ("Upon return of a Commissioner's decision, the disposition is considered final in regard to administrative remedy. There are no further administrative appeals.").

In this case, the Affidavit of David Turner establishes that Plaintiff has not exhausted his administrative remedies concerning his request for a tomato-free diet. Plaintiff does not appear to contest that fact.

Plaintiff argues, however, that the Court should exercise its purported "discretion" to allow the case to proceed in the absence of exhaustion. *See Stone v.*

3

*Errecart*, 165 Vt. 1, 4 (1996). While common-law exhaustion may allow for an element of judicial discretion, the Vermont Supreme Court "has consistently held that when administrative remedies are established by statute or regulation, a party must pursue, or 'exhaust,' all such remedies before turning to the courts for relief." *Rennie v. State*, 171 Vt. 584, 585 (2000). As the Department has provided an administrative remedy to Plaintiff, this Court is without jurisdiction to entertain the matter until he has pursued that remedy to its end.

Plaintiff next argues that he should not have to exhaust because the Department allowed him a tomato-free diet at a different institution, and because he need not exhaust where the matter concerns health care, which is controlled by 28 V.S.A. § 801(a). Neither argument is persuasive. The Court is not aware of any rule that would preclude the Department from having diverse guidelines at different institutions or that would preclude the Department from ever revisiting its determination as to a special need of a particular inmate. The grievance process is specifically designed to allow an inmate to challenge those types of decisions.

Similarly, health-care decisions are not insulated from the administrative review process. Directive 320.01 governs appeals concerning requests for medical needs as well. The Department is constantly presented with issues that relate to health -- from mattresses, to medications, to footwear. It and its medical staff must make determinations based on medical judgment and the facts presented.

And the facts do matter. As noted above, the early part of this case was litigated on the basis that Plaintiff had an allergy to tomatoes. Now, the allegation is that tomatoes negatively impact his GERD. The important point is that the administrative process would have developed those facts and would have allowed

4

the Department to consider its final decision in light of all appropriate information. As it is, the Department was never afforded a chance to develop the record and to make its decision after consideration of that evidence. *See Town of Bridgewater v. Dep't of Taxes*, 173 Vt. 509, 511 (2001) (noting importance of developing record in administrative setting).

Ultimately, the "exhaustion doctrine is designed to ensure that a grievance is fully explored and litigated before the administrative body possessing the pertinent experience and expertise in the subject area; the doctrine thus serves to preserve the authority of the administrative body, and to promote judicial efficiency." *Rennie*, 171 Vt. at 585. These interests would not be served by allowing inmates to proceed directly to court without subjecting their concerns to the administrative process.[1]

WHEREFORE, the Department's Motion to Strike is denied; and its Motion to Dismiss is granted.

Electronically signed on June 14, 2016 at 11:07 AM pursuant to V.R.E.F. 7(d).

_____
Timothy B. Tomasi
Superior Court Judge

---

[1] The Court does not consider whether an "emergency" exception to exhaustion might exist in the health-care setting. Plaintiff has not made such a claim, and, given the allegations of this case, such a claim would not be justified in this instance.