*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-236

DECEMBER TERM, 2016

| | | |
|---|---|---|
| Louis Ray Gilbeau, Jr. | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Department of Corrections and Centurion | } | DOCKET NO. 22-1-16 Wncv |
| Medical Services | | |

Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the superior court's dismissal—for failure to exhaust his administrative remedies—of his complaint alleging that the prison facility in which he is currently incarcerated failed to provide him with a tomato-free diet that had previously been approved in another facility. We affirm.

On January 11, 2016, plaintiff, an inmate committed to the custody of the Commissioner of the Department of Corrections (DOC), filed a pro se emergency petition for injunctive relief to enjoin defendants DOC and Centurion of Vermont, LLC, a managed care company that provides medical and mental health care to inmates in Vermont prisons, from refusing to provide necessary medical treatment. In an attached affidavit, plaintiff stated that five days earlier, on January 5, 2016, medical personnel at Southern State Correctional Facility (SSCF) decided to change his no-tomato diet and asked him to submit to blood work to confirm a tomato allergy. The affidavit further stated that his request to have a cyst removed had been continually denied during the past five years. At a February 1, 2016 status conference, an attorney for the Defender General's Office entered an appearance on behalf of plaintiff, and the superior court converted the petition to a complaint pursuant to Vermont Rule of Civil Procedure 75.

Defendants filed a motion to dismiss, arguing that plaintiff had failed to exhaust his administrative remedies before filing his complaint with the superior court. Defendants supported their motion with an affidavit describing DOC's grievance procedures, as well a copy of those procedures. Plaintiff, now represented by counsel, asked the court to exercise its discretion and deny defendants' motion, explaining that plaintiff is allergic to tomatoes and that, following plaintiff's recent transfer to SSCF, DOC was refusing to follow its own doctor's previous decision to provide plaintiff with a tomato-free diet. Plaintiff also asked that, as an alternative to denial of the motion, he be allowed to conduct discovery regarding his medical care.

At a status conference on the motion to dismiss, the superior court allowed plaintiff thirty days to file a supplemental response to the motion. On May 11, 2016, plaintiff filed an amended complaint in which he stated that: (1) he suffered from gastroesophageal reflux disease (GERD);

(2) the doctor at Northern State Correctional Facility (NSCF) treated him for GERD and ordered him not to eat tomatoes; (3) in consideration of the doctor's order, NSCF provided him with tomato-free meals; (4) he was transferred to SSCF on December 15, 2015; (5) the medical staff at SSCF refused to recognize the NSCF doctor's order regarding his tomato-free diet; (6) under the mistaken belief that he had a tomato allergy, SSCF's medical staff refused to order a tomato-free diet unless he submitted to allergy testing; and (7) he refused to do so because he does not have a tomato allergy.

The superior court accepted the amended petition but granted defendants' motion to dismiss, stating that it lacked jurisdiction to consider the matter because plaintiff had not contested the fact that he failed to exhaust the administrative remedies set forth in DOC's grievance procedures. In response to plaintiff's argument that he should not have to exhaust his administrative remedies because his complaint concerned health care and he had already been allowed a tomato-free diet at NSCF, the court stated that health care decisions are not insulated from prison administrative grievance procedures and no regulation precluded DOC from revisiting its determinations or prevented different facilities from having diverse guidelines.

On appeal, plaintiff argues that: (1) going through administrative grievance procedures would serve no purpose because both a DOC doctor and the DOC's health services director had already approved a tomato-free diet; and (2) a prisoner seeking the continuance of appropriate medical care approved by DOC's own doctors should not be required to go through an administrative grievance procedure solely because the prisoner is transferred to a new prison facility.

"A party's failure to exhaust administrative remedies permits a court to dismiss the action for lack of subject matter jurisdiction." Jordan v. State, 166 Vt. 509, 511 (1997). "We review a trial court's denial of a motion to dismiss for lack of subject matter jurisdiction de novo, with all uncontroverted factual allegations of the complaint accepted as true and construed in the light most favorable to the nonmoving party." Conley v. Crisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11 (quotation omitted). "A court may consider evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction, and we review these factual findings for clear error." Id.

Plaintiff argues that, notwithstanding the superior court's emphasis on the importance of factual development in this case due to plaintiff's conflicting allegations as to why he needed a tomato-free diet, DOC's health services director approved the diet for his GERD, and thus there was no reason for plaintiff to seek approval again because of NSCF's mistaken belief that the diet was allergy-based. According to plaintiff, prevailing medical standards should not require him to go through a lengthy grievance process just to ensure the continuation of preventative care that DOC had already approved.

We discern no basis to overturn the superior court's dismissal of this case based on plaintiff's failure to exhaust administrative remedies. As we stated in Jordan:

> This Court has consistently held that when administrative remedies are established by statute or regulation, a party must pursue, or "exhaust," all such remedies before turning to the courts for relief. This long-settled rule of judicial administration serves the dual purposes of protecting the authority of the administrative agency and promoting judicial efficiency. Therefore, where an agency has jurisdiction to decide an issue, a court will not interfere with the

2

agency's decision-making unless and until all administrative remedies have been invoked, except where the party qualifies for an exemption.

166 Vt. at 511-12 (citations omitted).

Where the Legislature has not specifically mandated exhaustion of administrative remedies, a litigant may be exempted from doing so if it would be futile. Stone v. Errecart, 165 Vt. 1, 4 (1996). In such cases, "sound judicial discretion governs." Id. Relevant to this case, the Legislature has directed the commissioner of DOC to "establish procedures to review the grievances of inmates." 28 V.S.A. § 854. DOC has implemented an offender grievance system that includes procedures for filing informal, emergency, and formal grievances, with administrative appeals to corrections executives and ultimately the commissioner. Nothing in the grievance system suggests that health care issues are excluded from the procedures contained therein.

Even if the legislative direction to establish prisoner grievance procedures does not constitute a specific mandate of exhaustion, the superior court acted well within its discretion in not exempting plaintiff from our longstanding and well-settled exhaustion rule. Despite plaintiff's argument to the contrary, his two complaints create some uncertainty as to what plaintiff was claiming happened at the two prison facilities, and who decided what on what basis. Requiring him to go through the grievance procedure ensures that the matter will be "fully explored and litigated before the administrative body possessing the pertinent experience and expertise in the subject area" before involving the courts if still necessary. Rennie v. State, 171 Vt. 584, 585 (2000) (mem.). Plaintiff complains about the lengthy grievance process, but if he had gone through that process when the subject issue first arose, it most likely would have been resolved more efficiently than proceeding through the courts, which has now taken nearly a year.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

3