VERMONT SUPERIOR COURT

Environmental Division

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 21-ENV-00102

---

Rock Pile Properties, LLC CU Permit

---

# ENTRY ORDER

Title:        Motion to Dismiss

Filer:        Elizabeth Filosa, attorney for Applicant-appellee, Rock Pile Properties, LLC

Filed Date:    November 19, 2021

Memorandum in Opposition filed by Stephen L. Cusick, attorney for Appellant, Town of Barre, December 10, 2021

The Town of Barre ("the Town") appeals from a decision of its Development Review Board ("DRB") granting a conditional use permit to Rock Pile Properties, LLC ("Applicant"). That permit authorized Applicant to convert the top two floors of a mixed-use building from four residential units to eight units. No other party has appealed the decision, although Linda and Mark Baker have entered appearances as interested parties.

Applicant moves to dismiss the Town's appeal, arguing that the Town lacks standing to bring the appeal for two reasons. The first is that the Town did not participate in the proceeding below, as is required to appeal a decision of that proceeding. *See* 24 V.S.A. § 4471. The second is that no interpretation of the town plan or bylaws is at issue in the arguments presented in the Town's Statement of Questions, as is required for a Town to be an "interested person" under 24 V.S.A. § 4465(b). Because we agree with Applicant's first argument, we need not reach its second.

Challenges to an Appellant's standing go to the Court's subject matter jurisdiction. <u>Brod v. Agency of Natural Resources</u>, 2007 VT 87, ¶ 8, 182 Vt. 234. We therefore review this motion as one brought under V.R.C.P. 12(b)(1). When reviewing such a motion, this Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party. <u>Rheaume v. Pallito</u>, 2011 VT 72, ¶ 2, 190 Vt. 245. This Court may consider evidence outside the pleadings if necessary to resolve such a motion. <u>Conley v. Crisafulli</u>, 2010 VT 38, ¶ 3, 188 Vt. 11.

Applicant argues that the Town did not participate in the "proceeding" in which the decision under appeal was made, as that term is used in 24 VSA § 4471. The procedural history is not in dispute. Applicant initially submitted permit application CUP-21000004 ("CUP-004") to undertake the conversion from four to eight residential units in June 2021. The DRB held a duly warned public hearing on July 14, 2021, which members of the Barre selectboard attended. At that hearing, the zoning administrator presented his view on the application. He noted that the applicant proposed

*Entry Regarding Motion*        *Page 1 of 4*

<u>*Rock Pile Properties, LLC CU*</u>, *No. 21-ENV-00102 (Vt. Super. Ct. Envtl. Div. Feb. 10, 2022) (Durkin, J.)*

fewer parking spaces than the Bylaws required, although the DRB had the authority under the Bylaws to grant a waiver to reduce the required number of parking spaces. The DRB decided to conduct a site visit to gain a better appreciation of parking options at and adjacent to the property and adjourned the hearing until August 11. On that day, members of the DRB, with the Town Manager present, conducted a site visit and then reconvened the continued hearing in the evening. The Town Manager and a member of the selectboard were also present at that hearing, at which the DRB denied the application "without prejudice." The DRB "recommended" that the Applicant reapply with a detailed schematic of the planned parking lot, including locations of dumpsters and snow storage, if it still wished to pursue the development. Applicant Exhibit 2 at 22. At no time during, before, or after either of these hearings has it been suggested that the Town selectboard members or Manager offered oral or written testimony with evidence for the DRB's consideration or a statement of concern.

The next day, August 12, 2021, Applicant submitted a new permit application, CUP-21000006 ("CUP-006"). The narrative portion of this application was identical to CUP-004, but instead of an aerial photograph of the property with tax parcel boundary lines and proposed parking spaces superimposed, applicant submitted a self-prepared parking plan demonstrating some of the dimensions of the parking lot and the locations of the proposed spaces. This plan also reduced the proposed number of parking spaces for tenants from nine to eight.[1] *See* Town Exhibits A, C; Applicant Exhibit 3. The DRB held a duly-warned public hearing on CUP-006 on September 8. No representative of the Town submitted testimony ahead of or appeared at that hearing. At the hearing, the zoning administrator presented his staff report on the revised parking plan, including proposed conditions, should the Board grant the permit. Applicant Exhibit 3. Members of the DRB discussed that plan with the applicant and a neighbor, as well as other elements of the application, such as the envisioned number of residents per unit. The DRB voted to close the hearing on the application, and by a vote of 4-2 approved the application with conditions.

The Town thereafter filed a timely appeal with this Court concerning the DRB's approval of this second application.

As part of the first step of our legal analysis, we must determine whether the facts presented show that the Town participated in the proceeding in which the decision on CUP-006 was issued. Although it is uncontroverted that representatives of the Town were present for the July 14 hearing and August 11 site visit and hearing concerning the first application, neither party has suggested, nor do the exhibits submitted establish, that those representatives "participated" as required by statute.

The statute clearly defines participation as "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." 24 V.S.A. § 4471. There has been no suggestion that the Town's representatives offered such testimony at any point from the moment CUP-004 was submitted to the moment that application was denied. Nevertheless, Applicant appears to have accepted that the Town participated in these hearings, and we therefore do not reach our decision on this basis. *See, e.g.*, Applicant's Reply in Support of Motion to Dismiss at 2.

Instead, we conclude that those hearings did not form part of the same proceeding in which the decision on CUP-006 was reached. The statute does not define the term "proceeding," however

---

[1] In fact, the narrative portion of the application still referred to the property supporting a minimum of nine parking spaces. However, the new attached parking map only showed eight spaces. Town Exhibit C at 2, 5. At the hearing, the zoning administrator's report analyzed the project assuming only eight parking spaces on the property were proposed, and the DRB approved the project on the condition that the parking map, which showed only eight spaces, was authoritative and binding. Applicant Exhibit 3 at 6–7.

*Entry Regarding Motion*                                                                                                    *Page 2 of 4*

*Rock Pile Properties, LLC CU, No. 21-ENV-00102 (Vt. Super. Ct. Envtl. Div. Feb. 10, 2022) (Durkin, J.)*

the Vermont Supreme Court has offered guidance on its meaning in In re Carroll, 2007 VT 19, 181 Vt. 383.

Carroll concerned an application for subdivision approval in the Town of Jericho. The Town had adopted a multi-stage procedure for major subdivision review, as authorized by 24 V.S.A. § 4418(2)(B). That procedure required the developer to submit a preliminary plat and the DRB to hold a public hearing on that plat. If the DRB approved of the preliminary plat, the developer would need to submit a final plat which would be the subject of a further public hearing before a final DRB decision. Carroll, 2007 VT 19, ¶11. The appellant in Carroll had submitted written testimony ahead of the hearing on the preliminary plat but did not offer testimony ahead of or during the hearing on final plat approval. Reasoning that these were two distinct proceedings, the Environmental Court determined that the appellant did not have standing to appeal the final plat approval.

The Supreme Court reversed. Accepting that appeal was available from the DRB's decision on the preliminary plat approval for the sake of argument, see id. ¶ 16, the Supreme Court nevertheless held that the preliminary and final plat approvals formed part of the same proceeding. First, it quoted approvingly from Black's Law Dictionary (8th) definition of "proceeding" as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment"). Id. ¶ 13. It concluded this definition supported viewing preliminary and final plat approval as all part of the same proceeding.

Next, the Court looked to the legislature's intent in enacting the requirement of participation by interested persons to appeal a land use decision, and creating the available procedures for multi-stage subdivision approval. It determined that it was consistent with this intent to allow someone who participated only in the preliminary plat approval to appeal the final plat approval, given that under the Jericho procedures, key features of subdivision design could be resolved at the preliminary stage through a "general agreement" reached by the DRB and developer. Id. ¶¶ 14-15. Finally, the Court reasoned that the mere issuance of an appealable decision, as may have been the case with the Jericho DRB's approval of the preliminary subdivision plan, did not necessarily mark the end of one proceeding and the beginning of the next. Id. ¶ 16 (and going on to state, "[i]n fact, statutory language giving the right to appeal 'a decision rendered in that proceeding' suggests that there can be more than one appealable decision within a proceeding.").

The Town seizes especially on this latter statement to argue that Carroll requires us to view the hearings on CUP-004 as part of the same proceeding in which the decision on CUP-006 was reached. We disagree. We have previously remarked upon the "unique procedural continuity between preliminary and final plan subdivision approval processes." In re Waitsfield Water System Prelim. & Final Plan Apps., Nos. 39-3-12 & 65-5-12 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. July 20, 2012)(Durkin, J.). While subdivision approval processes vary significantly from town to town, their uniqueness generally lies in the mixture of final decisions and guidance that the municipal panel is required or authorized to issue at preliminary stages of review, while any decision to finally approve a subdivision is reserved for the later stages. See In re Charron 13-Lot PUD Preliminary Plat, No. 24-2-19 Vtec, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. June 17, 2019) (Durkin, J.) (discussing subdivision review and the Court's inquiry into what discrete issues, if any, a town's bylaws authorize the municipal panel to finally decide at early stages of the process).

That multi-stage review before the same planning body distinguishes subdivision approval from the conditional use approval process that Applicant faced before the DRB in this instance. When the DRB considered CUP-004, it had every authority (or so we are led to believe, as no copy of the Bylaws has been submitted into evidence) to issue the conditional use permit that Applicant sought.

Instead, the DRB chose to deny the permit application without prejudice, ending that proceeding, and leaving it to Applicant to decide whether to re-apply and begin a new proceeding.

We accept, as we must, Carroll's holding that by rendering an appealable decision, a municipal body does not automatically draw a dividing line between one proceeding and the next. However, we believe that when the DRB is at a stage in a process where it has authority to grant final approval for a permit, then either granting or denying that permit does ordinarily complete those proceedings before that tribunal.

The Town argues that the DRB "obtained critical information and knowledge in the first hearing and site visit and relied on that information in approving the application on September 8." Even viewed in the light most favorable to Town as the non-moving party, we do not believe that the facts show that the Town relied on this information in a manner sufficient to merge two proceedings into one. The zoning administrator submitted a new staff report ahead of the DRB hearing on the second application and the record reflects that the DRB deliberated anew on that application at the end of the September 8 hearing. The reduction in the number of parking spaces to eight and the clearer understanding of vehicular circulation in the parking lot provided by the new parking plan, both of which were new in CUP-006, appear to have been critical to the DRB's decision to grant the permit.

Finally, we are wary of the precedent that accepting the Town's argument would set. The Town was on ample notice both when the DRB denied the first application and when the DRB called a new hearing on the second application. It is, moreover, a sophisticated actor in the municipal land-use process. In light of those points, the Town could not have reasonably believed at the time that participation in hearings on the CUP-004 application would entitle it to an appeal of the DRB's approval of the CUP-006 application. Given the minimal amount of effort required to participate in a municipal proceeding under 24 VSA § 4471, we cannot encourage a practice of haphazard participation followed by attempts to justify it using a stretched definition of "proceeding." Doing so would contravene what we have deemed to be "[t]he primary purpose of the participation requirement . . . [namely] to provide sufficient notice of an opponent's concerns about a development project while the municipal panel is considering the permit application." Waitsfield Water System, Nos. 39-3-12 & 65-5-12 Vtec at 5 (July 20, 2012).

If the Town wished to preserve its right to appeal any decision on the CUP-006 application, it was required to participate in the proceeding during which that decision was rendered. Having concluded it did not, we must **GRANT** the present motion and dismiss the Town's appeal.

**So Ordered.**


Electronically signed on February 10, 2022, at Brattleboro, VT pursuant to V.R.E.F. 9(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division