VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 24-ENV-00092



| Chompupong DRB Decision Appeal | DECISION ON MOTIONS |
| --- | --- |

This is an appeal by Karen Geriak and Adam Dworkin (Appellants) from a decision of the Town of Manchester (Town) Development Review Board (DRB) upholding the Zoning Administrator's issuance of a sign permit to Vonnarat Chompupong (Applicant) for the replacement of a freestanding sign located at 4659 Main Street in Manchester, Vermont (the Property). On September 8, 2025, Applicant moved to dismiss Appellants' appeal due to a lack of standing. In response, that same day, Appellants filed a Motion to Add/Substitute Party and, on September 10, 2025, they filed a memorandum in support of their Motion to Add/Substitute a Party and Opposition to Applicant's Motion to Dismiss. Given the close temporal proximity of the filing of these motions, and responses thereto, and the merits hearing, scheduled for September 15, 2025, the Court allowed all parties to present additional evidence and argument on the pending motions at the outset of trial.[1] Thereafter, following a recess, the Court provided its oral ruling on the motions on the record, with the promise of a written decision to follow.[2] This is that written decision.

## Legal Standard

Applicant's motion seeks dismissal of this appeal for lack of standing. A party's standing is a question of subject matter jurisdiction. This is because "Vermont courts are vested with subject matter jurisdiction only over actual cases or controversies involving litigants with adverse interests." Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8 (quotation omitted). "To have a case or controversy subject to

---

[1] The Court explained that it was necessary to take up the Motion to Dismiss at the outset of trial since it had implications for the Court's subject matter jurisdiction, as further discussed *infra*. Paige v. State, 2018 VT 136, ¶ 10 (quoting Unifund CCR Partners v. Zimmer, 2016 VT 33, ¶ 19 ("Because standing is a necessary component of the court's subject matter jurisdiction, it cannot be waived, and its absence can be raised at any time.").

[2] The Court orally granted the Motion to Dismiss and denied the Motion to Add/Substitute Party.

the jurisdiction of the court, the plaintiffs must have standing." Id. Therefore, the Court reviews the motion under the standard of review afforded by V.R.C.P. Rule 12(b)(1).

On a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true all uncontroverted factual allegations and construes them in a light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. When a party's standing is challenged, however, the party must demonstrate that it has standing to appeal to this Court. See In re Silver Birch Props., LLC, No. 22-ENV-00070, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Mar. 29, 2023) (Durkin, J.) (citing Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235) ("While the Court initially accords persons who enter a timely appearance party status, if challenged the party must demonstrate, at a minimum, that they are vested with constitutional standing to remain as a party before the Court in the pending appeal."). The Court may consider evidence outside of the pleadings if necessary to resolve the motion. Conley v. Vrisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11. Finally, "[b]ecause standing is a necessary component of the court's subject-matter jurisdiction, it cannot be waived, and its absence can be raised at any time." Bischoff, 2008 VT 16, ¶ 15 (citation omitted).

## Discussion

Standing to appeal decisions related to municipal zoning is regulated by 10 V.S.A. § 8504 and 24 V.S.A. § 4465. Section 8504 provides that an "interested person" may appeal the decision of an appropriate municipal panel, here the DRB, so long as that person participated in the municipal proceeding below. 10 V.S.A. § 8504(b)(1). Further, 24 V.S.A. § 4465 defines an "interested person," in part (and relevant here), as:

> A person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

24 V.S.A. § 4465 (b)(3).[3]

---

[3] In addition to the requirements for statutory standing, a party must demonstrate that they can satisfy Article III Constitutional standing. See In re Capitol Plaza 2-Lot Subdivision & Major Site Plan, Nos. 3-1-19 Vtec, 4-1-19 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Nov. 12, 2019) (Walsh, J.). To establish constitutional standing, a party must demonstrate an injury in fact, causation, and redressability. Hous. Our Seniors in Vermont, Inc. v. Agency of Com. & Cmty. Dev., 2024 VT 12, ¶ 13 (citation omitted).

Here, the Applicant, Ms. Chompupong, has challenged Ms. Geriak and Mr. Dworkin's statutory standing; she asserts that neither individual can qualify as an "interested person," as defined by Vermont law, with standing to appeal in this case. 24 V.S.A. § 4465(b)(3). Again, on the question of standing, Appellants have the burden of proof. Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 9.

As the Applicant observes, Appellants appealed the DRB's decision below in their individual capacities.[4] Their separately filed initial Notices of Appeal to this Court — listing only their individual names and not the names of any business or other entity — do not suggest that they intend to appeal in any capacity other than as individuals. See Notice of Geriak's Appeal to Environmental Division; Notice of Dworkin's Appeal to Environmental Division.[5] Thus, the Court is tasked with determining whether Appellants meet the requirements of 10 V.S.A. § 8504 and 24 V.S.A. § 4465 to appeal in their individual capacities.

Appellants have asserted standing based on their ownership of property that adjoins the Property at issue in this appeal. The other parties do not dispute that this property is in the immediate neighborhood of the Property. It is also undisputed that this adjoining property is owned by High Ridge Plaza, LLC. Ms. Geriak and Mr. Dworkin assert that they have standing due to their ownership of, and membership in, High Ridge Plaza, LLC.

Ms. Geriak and Mr. Dworkin have failed to assert facts in this case that would provide them standing as individuals or as members of High Ridge Plaza, LLC as defined in Vermont statute. They have definitively established that they are not the "owners" of the adjoining property — High Ridge Plaza, LLC, owns that property. Exhibit LLL. While they may have a membership and/or ownership interest in the limited liability company, it does not change that the company owns the land, not Appellants individually. Nor do Appellants point to any facts that would establish their individual "occupancy" of the adjoining property. At trial, Appellants, in passing, mentioned their frequent use of a shared driveway. This brief statement did not clarify whether such use was by them, individually, or by High Ridge Plaza, LLC, and/or any of its employees or clients. Thus, this statement alone is

---

[4] It also appears that Appellants participated before the DRB in their individual capacities. See DRB Decision and Order on Appeal from Permit No. 2024-05-069 (listing Karen Geriak and Adam Dworkin, individually, as Appellants).

[5] This undercuts Appellants' assertion that they have participated on behalf of High Ridge Plaza, LLC "since the inception of this action . . ." Opposition at 2. The Court notes that there were later attempts by Appellants to include the LLC as a party to this action. See, e.g., Appellants' Motion for Summary Judgment (filed May 13, 2025), p. 1 (listing "High Ridge LLC" and "The Dworkin-Geriak Family Trust" in the caption along with "Karen M. Geriak & Adam H. Dworkin.") At no point did High Ridge Plaza, LLC file a timely notice of appeal.

insufficient to establish that Appellants individually "occupy" the adjacent property and, consequently, Appellants have failed to meet their burden on this issue.[6]

Further, Appellants have failed to demonstrate any "physical or environmental impact" on their interests because they cannot show that the approval of the sign permit has caused them any injury in their personal capacities.[7] 24 V.S.A. § 4465(b)(3). Fears about potential harm to users of the parking lot, with no information about how the sign impacts Appellants' personal use of the lot does not rise to the level of specificity required to show an injury for standing purposes. 10 V.S.A. § 8504(b)(1). Further, there is no understanding of how harm to a third-party user of the lot not before the Court would affect Appellants.[8] It would appear to the Court that, as raised in Appellants' individual capacity, such an assertion of standing would be impermissible to address in this case. Baird v. City of Burlington, 2016 VT 6, ¶ 15 (detailing general prohibition against third-party standing). Thus, the Court concludes that Appellants lack standing to appeal to this Court in their individual capacity.

The Court notes that Appellants have filed a motion to substitute High Ridge Plaza, LLC for themselves in this matter. Insufficient standing to appeal a zoning decision cannot be cured by a procedural motion as this would permit de facto untimely appeals. See U.S. Bank Nat. Ass'n v. Kimball, 2011 VT 81, ¶¶ 15–20 (affirming a lower court's grant of summary judgment due to plaintiff's failure to demonstrate standing at the commencement of the action and rejecting a motion to "cure" plaintiff's standing problem using a motion to substitute) (quotation omitted). Thus, the motion to substitute must be **DENIED**.

---

[6] To be clear, Appellants never directly argued that while they did not own the adjoining property, they nonetheless occupied it. Therefore, the nearly complete scarcity of evidence of occupancy is not surprising.

[7] Although the distinction between an individual and an LLC may seem arbitrary to a layperson, ample precedent set out by the Vermont Supreme Court shows the division to be a deliberate legislative choice with specific consequences. In re Bourbeau Custom Homes, Inc., 2017 VT 51, ¶ 19–20 ("Our conclusion that a business entity is not an "individual" comports with other courts' holdings regarding the meaning of the word "individual" . . . In [the LLC] statute, the Legislature repeatedly expressed its intent for an LLC to be a distinct business entity."). When an individual chooses to adopt the legal protections of the limited liability company, they forgo the benefits and drawbacks of individual ownership. Thus, the distinction between individuals and business entities is a material distinction that must be maintained. Having commenced their appeal as individuals, Appellants cannot now substitute the High Ridge Plaza, LLC's possible injury for their own.

[8] The lack of evidence of standing in this case contrasts sharply with In re Capitol Plaza 2-Lot Subdivision & Major Site Plan, in which parties provided concrete evidence in the form of affidavits establishing personal daily or semi-daily use of the adjoining property and sufficiently described anticipated impacts to such use by the project on appeal. In re Capitol Plaza 2-Lot Subdivision & Major Site Plan, Nos. 3-1-19 Vtec, 4-1-19 Vtec, slip op. (Vt. Super. Ct. Envtl. Div. Nov. 12, 2019) (Walsh, J.)

4

In so denying, the Court notes that High Ridge Plaza, LLC similarly has standing deficiencies in this case. High Ridge Plaza, LLC did not participate in the municipal regulatory proceeding below. This is a jurisdictional prerequisite to appealing a decision to this Court. 10 V.S.A. § 8504(b)(1). Similarly, High Ridge Plaza, LLC did not file a timely appeal with this Court. V.R.E.C.P. 5(b)(1). This is also a jurisdictional prerequisite to appealing a decision to this Court. *Id.* Bischoff v. Bletz, 2008 VT 16, ¶ 15 (citing Brod). As such, they cannot satisfy standing requirements either as individuals or members of High Ridge Plaza, LLC, and the motion to dismiss their appeal must be **GRANTED.** This concludes the matter before the Court. A Judgment Order accompanies this Decision.

Electronically signed on September 22, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division