VERMONT SUPERIOR COURT

Rutland Unit

83 Center St
Rutland VT  05701
802-775-4394
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-04652



| Dawn Bovasso v. Mountain Green Condominium Association, Inc. |
| --- |

Decision and Order on Defendant's Motion to Dismiss

In this dispute concerning a condominium association's adoption of restrictions on keeping pets, Plaintiff Dawn Bovasso alleges violations of the Common Interest Ownership Act, the Vermont and federal Fair Housing Acts, the Vermont Public Accommodations Act, and the Mountain Green Condominium Association's Declaration.  Defendant Mountain Green Condominium Association, Inc. moves to dismiss Counts II, III, and IV for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.  V.R.C.P. 12(b)(1) and (6).

Standard

A motion to dismiss for failure to state a claim faces a high bar. The Vermont Supreme Court has described the familiar standard for Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

> "A motion to dismiss ... is not favored and rarely granted." This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations." In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, "'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309, 316-17 (citations omitted); *see also* 5B A. Benjamin Spencer, *et al., Fed. Prac. & Proc. Civ.* § 1357 (4th ed.) ("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

As the Vermont Supreme Court has described, when considering a motion to dismiss for lack of subject matter jurisdiction, "all uncontroverted factual allegations of the complaint [are] accepted as true and construed in the light most favorable to the nonmoving party. A court may consider evidence outside the pleadings." *Mullinnex v. Menard,* 2020 VT 33, ¶ 8, 212 Vt. 432 (citations

1

and internal quotations omitted); *see also Conley v. Crisafulli*, 2010 VT 38, ¶ 3, 188 Vt. 11 (court may accept evidence from outside the record to resolve disputes as to jurisdiction). "A plaintiff must allege facts sufficient to establish his or her standing '[o]n the face of the complaint.'" *Paige v. State*, 2018 VT 136, ¶ 10, 209 Vt. 379 (quoting *Town of Cavendish v. Vt. Pub. Power Supply Auth.*, 141 Vt. 144, 147–48 (1982)). "To demonstrate standing, a plaintiff must allege injury in fact, causation, and redressability." *Id.*, ¶ 9.

Background

The Court recounts the following allegations from the Complaint strictly for the purpose of considering this motion. Plaintiff owns two units at Mountain Green Condominiums ("Mountain Green") in Killington, Vermont. Defendant is a Vermont non-profit corporation organized to manage Mountain Green. The Mountain Green declaration states that "dogs, cats and other domestic pets may be kept, provided they are not bred, kept or maintained for any commercial purpose, and are not a nuisance to others." Complaint, Exh. B, Pet Clause of Declaration.

On or about October 6, 2025, Defendant adopted the following "Pet Rule":

> 30. Domestic Pets:
> a. Owners and Long-Term Renters: Domestic pets are permitted for unit owners and renters with rental periods of 30 consecutive days or longer (with written permission from the unit owner). All domestic pets must be registered with the General Manager by completing and submitting the Pet Registration Form (below) prior to bringing the pet onto the property.
> b. Short-Term Renters: Short-term renters (rental periods of fewer than 30 consecutive days) are strictly prohibited from having any domestic pets on the property. This prohibition does not apply to service animals as defined under the Americans with Disabilities Act (ADA).
> c. Pet Behavior and Control: All pets must be housed within a unit when not under the direct control of their owner, must not be bothersome to others, and must not be tied or allowed to run free in any part of the condominium property. Pet owners must immediately clean up after their pets and dispose of waste in designated receptacles.
> d. Violations: Failure to register a pet or violation of these pet policies may result in fines as determined by the Executive Board. Owners of unregistered pets or pets belonging to short-term renters will be required to remove the pet immediately from the property and have it boarded someplace other than at Mountain Green. A failure to comply by anyone will result in a $100.00 per day fine to the unit owner of the unit involved.

Complaint, Exh. A. Defendant did not propose an amendment to the declaration or record the rule in the Killington Land Records.

2

<u>Discussion</u>

1. Count II: Vermont Fair Housing Act violations

Defendant moves to dismiss Count II, which alleges that Defendant's "pet rule" violates 9 V.S.A. § 4503(a)(9) by denying "accommodations by prohibiting or restricting assistance or emotional support animals in residences, violating the rights of protected occupants." Complaint, ¶ 19. The Vermont Fair Housing Act provides in pertinent part as follows:

> [It shall be unlawful for any person t]o discriminate in the sale or rental of a dwelling because a person relies upon aids such as attendants, specially trained animals, wheelchairs, or similar appliances or devices but the owner shall not be required to modify or alter the building in any way in order to comply with this chapter. An owner shall permit, at the expense of the person with a disability, reasonable modifications of existing premises occupied or to be occupied by the person with a disability if the modifications are necessary to afford the person full enjoyment of the premises.

9 V.S.A. § 4503(a)(9). In the absence of direct evidence of discrimination, Vermont courts apply the *McDonnell Douglas* burden-shifting framework. *Hum. Rts. Comm'n v. LaBrie, Inc.*, 164 Vt. 237, 244 n.2 (1995) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04 (1973); *State v. Whitingham Sch. Bd,* 138 Vt. 15, 19 (1979)); cf. *Spinette v. Univ. of Vermont*, 2023 VT 12, ¶ 16, 217 Vt. 550 (noting, in housing discrimination action, that the trial court applied the *McDonnell Douglas* framework). "For a plaintiff's claim to survive a motion to dismiss in a *McDonnell Douglas* case, he must plausibly allege that he '[1] is a member of a protected class, ... [2] suffered an adverse ... action, and [3] has at least minimal support for the proposition that the [housing provider] was motivated by discriminatory intent.'" *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 73 (2d Cir. 2021) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

Plaintiff argues that *McDonnell Douglas* is not a pleading requirement. While it is true that *McDonnell Douglas* is often applied in considering motions for summary judgment, that is because of the manner in which analyzes whether a plaintiff has made a sufficient showing to shift the burden to the defendant for certain elements. However, in the context of a motion to dismiss, the Court still examines whether a plaintiff has pleaded facts that, if true, would establish a claim. Here, Plaintiff does not allege that she is a member of a protected class. Short-term renters are not a protected class. Even if short-term renters were a protected class, Plaintiff is not a short-term renter and the Court cannot find a basis in the statute for the owner of a unit to sue a condominium association for a rule that would purportedly discriminate against others. Plaintiff does not establish that she was denied sale or rental because she relies upon specially trained animals. For these reasons, the Complaint does not state a claim for a violation of 9 V.S.A. § 4503(a)(9). Additionally, none of the allegations establish an injury to Plaintiff that is cognizable under 9 V.S.A. § 4503(a)(9) such that she would have standing to bring a claim for other persons under the statute.

2. Count III: Vermont Public Accommodations Act and Fair Housing Act violations

Count III alleges violations under the Public Accommodations Act (VPAA) and Fair Housing Act. 9 V.S.A. §§ 4502 and 4503. To the extent that the Court can discern, Count III

3

alleges that Defendant's violations are based on prohibiting individuals with disabilities from maintaining emotional support animals in their residences, and restricting individuals with disabilities from having emotional support animals in their units and in common areas.

The Public Accommodations Act provides as follows:

> (b) An owner or operator of a place of public accommodation or his or her employee or agent shall not prohibit from entering a place of public accommodation:
> > (1) an individual with a disability accompanied by a service animal; or
> > (2) an individual who is training an animal to perform as a service animal for an individual with a disability.

9 V.S.A. § 4502(b)(1)–(2). In reading the VPAA, the Court looks to "federal case law interpreting the Americans with Disabilities Act (ADA), on which the VPAA is based." *Latonia Cong. v. State*, 2022 VT 62, ¶ 15, 217 Vt. 388. In order to state a claim under the ADA, a plaintiff must allege "that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008). Here, as with the Fair Housing Act claim in Count I, Plaintiff has not alleged that she is disabled within the meaning of the statute, nor has she alleged that Defendant discriminated against her within the meaning of the statute.[1] As with Count II, Count III does not state a claim under the statute, and the allegations do not support Plaintiff's standing to bring a claim for injuries to others when she alleges no injury in fact to herself.

The Court notes an additional detail here, although it is not the basis of the Court's decision regarding Count III. The Pet Rule specifically exempts service animals from the provision that prohibits short-term renters from having pets. See Complaint, Exh. A ("This prohibition does not apply to service animals as defined under the Americans with Disabilities Act (ADA)."). Plaintiff has produced not authority for the proposition that the Vermont statutes or the ADA provide protections for individuals with emotional support animals.

3. Count IV: Federal Fair Housing Act violation

Count IV alleges that Defendant violated the Fair Housing Act, 42 U.S.C. § 3604(b) by discriminating "in the *terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith*, because of protected class status, including disability and familial status." Complaint, ¶ 25 (emphasis in original). Plaintiff alleges that the Pet Rule, by prohibiting pets for short-term renters, disproportionately impacts families with children, persons with disabilities who require emotional support animals, and persons relying on affordable short-term housing. She further alleges that the Pet Rule denies reasonable accommodations and creates arbitrary and

---

[1] To the extent that Count III may refer to some other discrimination in Defendants' public accommodation, the Complaint still does not allege that she is disabled within the meaning of the statute or that Defendant discriminated against her within the meaning of the statute.

4

unequal conditions of rental and occupancy.  She contends that the $100/day fines constitute coercion, intimidation, and interference with fair housing rights under 42 U.S.C. § 3617.

As described in the analysis of Count II above, the Complaint does not allege that Plaintiff is a member of a protected class or that she suffered an adverse action.  See *Francis*, 992 F.3d at 73. She has not stated facts that would support Count IV's claim under the cited statutes, nor established standing when she alleges no injury in fact to herself.

Order

For the reasons discussed above, Defendant's motion to dismiss Counts II, III, and IV is granted.


Electronically Signed on: Tuesday, March 24, 2026 pursuant to V.R.E.F. 9(d).

_____
Susan A. McManus
Superior Court Judge