VERMONT SUPERIOR COURT

Environmental Division          Docket No. 25-ENV-00113
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



| 19 Old Pump Road Zoning Violation Appeal |
|---|

## ENTRY ORDER

**Title:**    Motion to Dismiss Statement of Questions

**Filer:**    Claudine Safar, Attorney for Town of Jericho

**Filed Date:**  March 2, 2026

    Opposition to Motion to Dismiss, filed March 16, 2026, by Christian Chorba, Attorney for Appellants

**The motion is DENIED.**

This is an appeal by Coddy Marx and Leslie Dunn (Appellants) from a decision of the Town of Jericho (Town) Development Review Board (DRB) upholding a decision of the Town Zoning Administrator not to take enforcement action against a business located at 19 Old Pump Road in the Town (the Property).[1]  On November 26, 2025, Appellants filed a Statement of Questions, consisting of eighteen Questions.  The Questions all ask, with varying degrees of detail, about the Property's parking and permitting status under the Town's Land Use and Development Regulations (the Regulations) and whether an enforcement action is appropriate.

On March 2, 2026, the Town moved to dismiss or clarify certain Questions pursuant to V.R.E.C.P. 5(f), arguing that: 1) Questions 1, 7, 8, 11, 12, and 18 request impermissible advisory opinions; 2) Questions 2 and 14 raise issues not in dispute; and 3) Questions 5, 6, 9, and 10 are confusing and "present issues not raised or addressed by the DRB below."  Appellants oppose the motion.

A Statement of Questions is "subject to a motion to dismiss or clarify some or all of the questions."  V.R.E.C.P. 5(f).  The Town's motion cites language related to the Court's subject matter jurisdiction.  Thus, the Court reviews this motion as a motion to dismiss or clarify under V.R.E.C.P. 5(f) and Vermont Rules of Civil Procedure (V.R.C.P.) 12(b)(1).  When considering a 12(b)(1) motion

---

[1] The business is known as "Palmer Lane Maple."

to dismiss for lack of subject matter jurisdiction, the Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party (here, Appellant). Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. Moreover, the Court "may consider evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction." Conley v. Crisafulli, 2010 VT 38, ¶ 3.

As a preliminary matter, it is well established that the reach of this Court in zoning appeals is as broad as the powers of the appropriate municipal panel below, in this case the DRB, but not broader. In re Torres, 154 Vt. 233, 235 (1990). In other words, whatever the municipal panel might have done with an application—or appeal—properly before it, the Court may also do in a proper appeal. Id. (discussing In re Poole, 136 Vt. 242, 247 (1978)). There is no dispute that Appellants' appeal was timely. Thus, this Court may do whatever the DRB might have done in its review of the Zoning Administrator's decision in this appeal.

Our procedural rules dictate that in every appeal the appellant must file a Statement of Questions and that "[t]he appellant may not raise any question on the appeal not presented in the statement as filed, unless otherwise ordered by the court in a pretrial order . . . ." V.R.E.C.P. 5(f). "As a general rule, 'the Environmental Court is confined to the issues raised in the statement of questions filed pursuant to an original notice of appeal.'" In re Jolley Assocs., 2006 VT 132, ¶ 9, 181 Vt. 190 (quoting In re Garen, 174 Vt. 151, 156 (2002)). Nonetheless, we may consider matters that are intrinsic to the Statement of Questions, even if they are not literally stated therein. 2006 VT 132, ¶ 9.

First, the Town argues that the Court should dismiss Questions 1, 7, 8, 11, 12, and 18 because they purportedly "ask the Court to issue advisory opinions" and "represent impermissible requests for legal advice." Town's Motion at 2–3.

Vermont courts are vested with subject matter jurisdiction only over actual cases or controversies involving litigants with adverse interests. Brod v. Agency of Natural Resources, 2007 VT 87, ¶ 8. Courts are not authorized to issue advisory opinions because they exceed the constitutional mandate to decide only actual cases and controversies. In re S.N., 2007 VT 47, ¶ 9 (mem.); see also In re Investigation into Programmatic Adjustments to Standard-Offer Program, 2018 VT 52, ¶ 17 ("[T]he establishment of legal doctrine derives from the decision of actual disputes, not from the giving of solicited legal advice in anticipation of issues.").

The Town's motion offers little beyond the two conclusory statements quoted above and brief summaries of Questions 1, 7, 8, 11, 12, and 18 to support its argument for dismissal. Based on the limited information available to it, the Court cannot conclude that the cited Questions are necessarily

advisory.[2] Instead, it appears to the Court that Appellant, through their Questions 1, 7, 8, 11, 12 and 18, may have expressly asked Questions that are typically intrinsic to the fundamental issues of whether the business at the Property complies with the Regulations and any applicable permits and approvals, and if not, whether zoning enforcement action is warranted.[3] While this level of detail may not be necessary to resolve the fundamental issues on appeal, we cannot say that the questions themselves are advisory.[4]

The Town also argues that Questions 5, 6, 9 and 10 "were not raised or addressed by the DRB below" and, therefore, they should be dismissed for that reason. We disagree. This Court has consistently held that "within the context of a de novo hearing on a zoning appeal, a party does not waive legal arguments applicable to the pending zoning application [or appeal] simply because that party did not specifically present those arguments when the municipal panel reviewed the pending application [or appeal]." See In re Irish Const. Application, No. 44-3-08 Vtec, slip op. at 4 (Vt. Env. Div. April 6, 2009) (Durkin, J.); see also Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) (quoting Poole, 136 Vt. 242, 245 ("A de novo trial 'is one where the case is heard as though no action whatever had been held prior thereto.'")). In other words, in a trial de novo context, an appellant may raise issues in their Statement of Questions that were not raised to or addressed by the DRB below.

The Town cites Torres and In re Maple Tree Place, 156 Vt. 494, 500 (1991), in support of its argument that this Court's subject matter jurisdiction is limited only to those issues "that the DRB addressed below and that the DRB had the authority to address." Motion at 2. While it's true that

---

[2] Part of the difficulty with analyzing the Town's motion to dismiss in this case is that while the Court has a copy of the DRB's October 6, 2025 decision (which is terse in its findings of fact), neither the Town nor any other party has provided the Court with Appellants' request to the Zoning Administrator, the Zoning Administrator's response to that request, or Appellants' appeal to the DRB. In the absence of these materials, most notably the request for enforcement originally submitted to the Zoning Administrator, it is difficult for the Court to evaluate fully whether the cited Questions seek legal opinions on matters that are outside the scope of (and, hence, irrelevant to) the appeal or on which there is no actual case or controversy.

[3] The Court notes that there is a punctilious quality to Appellants' Statement of Questions. In the Court's view, the eighteen Questions contained in Appellants' Statement of Questions could easily be consolidated to ask: (1) Is the parking for the business located at 19 Old Pump Road in conformance with the Town's Land Use and Development Regulations and applicable permits and approvals, if any?, and (2) If not, is the Zoning Administrator required at this time to take enforcement action against the business located at 19 Old Pump Road? As noted above, it is likely that many of Appellants' 18 Questions would largely be intrinsic to these two Questions.

[4] For example, Questions 1 and 7 ask which version of the Land Use and Development Regulations apply to the parking areas on the west and east sides of Old Pump Road, respectively. Typically, in an appeal from a Zoning Administrator's decision declining to take enforcement action it is not necessary to determine which version of the Regulations apply unless there is an issue of vested rights. Here, the Court has received no information regarding whether the Zoning Administrator made a determination regarding vested rights and, therefore, we are not prepared to conclude that these issues are advisory (as opposed to intrinsic) at this time.

the Court generally should not address issues for the first time on appeal that were not "formulated in the local approval process and which divide the parties," 156 Vt. at 500, this Court may address issues on appeal that the DRB could have addressed during the local proceedings, even if it failed or declined to do so. Further, as discussed above, there is no strict "issue preservation" requirement in de novo appeals. Should it become apparent, in the course of this appeal, that a matter raised was not analyzed by the DRB in the first instance, this Court may consider whether a remand would be appropriate at that time. Id.

To the extent that the Town seeks clarification of the wording of Questions 5, 6, 9, and 10, which all touch on "parking spaces" that "back into" Old Pump Road or a travelled right-of-way, the Court agrees that these Questions could be more clearly worded. As the Town rightly observes, parking spaces cannot back into a road. However, in their Opposition to Motion to Dismiss, Appellants have clarified that those Questions are intended to ask whether vehicles would back up from those spaces directly onto Old Pump Road and whether the configuration of such spaces is lawful under the Regulations. The Town takes no issue with this clarification. The Court will construe these Questions in a manner consistent with Appellants' clarification. With this interpretation applied, further action by the Court to clarify is unnecessary and the motion is moot.

The Town also notes that certain Questions appear to raise issues that are not genuinely in dispute and argue for their dismissal on that basis. For example, it is apparently undisputed that the parking area on the west side of Old Pump Road immediately abutting Palmer Lane Maple is permitted for four parking spaces (Question 2) and that no zoning permit for Palmer Lane Maple has been located in the Town's files (Question 14). While there may be a basis to dismiss these Questions due to lack of an actual dispute between the parties, the Court believes that it would be premature to do so at this time. As discussed above, without a better sense of the scope of Appellants' request to the Zoning Administrator, the response to that request, and the issues raised to the DRB on appeal, the Court cannot determine how these Questions may or may not be relevant given the context of this appeal. Of course, the parties are free to stipulate to the facts that form the basis for Questions 2 and 14 and/or to judgment or dismissal of those issues based on their agreement. However, the Town's request to dismiss those Questions, as well as the other questions discussed above (i.e., Questions 1, 5–12 and 18), is **DENIED**.

## Conclusion

For the reasons discussed above, the Town's Motion to Dismiss certain Questions in Appellant's Statement of Questions is **DENIED**. The Court will construe Questions 5, 6, 9, and 10 in a manner consistent with Appellants' clarification.

Electronically signed on April 21, 2026, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division